**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:12 PM December 11, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| SII LIQUIDATION COMPANY, ) | CASE NO. 10-60702 |
| ) | |
| Debtor. ) | ADV. NO. 12-6035 |
| ) | |
| DAVID A. SCHWAB, et al., ) | JUDGE RUSS KENDIG |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| LAWRENCE E. OSCAR, ESQ., et al., ) | **(NOT FOR PUBLICATION)** |
| ) | |
| Defendants. ) | |

The court now considers Plaintiff's request for an additional hearing on its motion for relief from judgment filed on September 20, 2013. Defendants oppose the request and argue that further hearing is unnecessary.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

This opinion is not intended for publication or citation. The availability of this opinion, in

1

electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

On May 10, 2012, Plaintiffs filed an adversary complaint alleging malpractice against Defendants, bankruptcy attorneys.   On September 20, 2012, the court dismissed the complaint.  A year later, on September 20, 2013, Plaintiffs filed a motion seeking relief from the dismissal.  They argue that new evidence has come to light that warrants relief from judgment.   Defendants oppose the relief.

On November 5, 2013, the court held a hearing on the motion for relief from judgment and the supplemental pleadings, including Defendants' response and Plaintiffs' reply.   Also pending at the time of the hearing was Plaintiffs' request to file a supplemental brief in support of their motion, which the court granted at the hearing.   Upon Plaintiff's filing of the supplement, Defendants were given an opportunity to respond, which they did on November 27, 2013.  Plaintiffs now request an additional hearing to counter positions raised in that response.  Specifically, Plaintiffs deny actual knowledge of an alleged conflict of interest by the firm that represented them in bankruptcy in time to raise it in the bankruptcy case.

## DISCUSSION

Plaintiffs request for relief from judgment is founded on Federal Civil Rule 60(b), incorporated into bankruptcy practice by Federal Bankruptcy Rule 9024.   Neither Rule 60 or 9024 establish a hearing requirement for a 60(b) motion.   Additionally, local bankruptcy rules tend against oral arguments:   "[m]otions and applications shall be decided without oral argument unless otherwise provided in these rules or a hearing is scheduled by the Court."   Local Bankr. R. 9013-1(e).

In the absence of a hearing mandate, a court may consider the need or utility of a hearing.  For example, when the Sixth Circuit reviewed a district court's decision to deny an evidentiary hearing on an ineffective assistance of counsel claim under 28 U.S.C. § 2255, it stated

> [t]he district court should always consider the importance of a hearing in light of what the proper resolution of a particular case requires.   United States v. Todaro, 982 F.2d 1025, 1030 (6th Cir. 1993).   If the records includes a factual dispute, the district court "must hold a hearing to determine the truth of the petitioner's claims."   Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999).   Petitioner is not entitled to a hearing, however, "if the files and records of the case conclusively show that he is not entitled to relief."   Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995).

Ross v. U.S., 339 F.3d 483, 490 (6th Cir. 2003); *see also* Campbell Soup Co. v. Giles, 47 F.3d 467

(1st Cir. 1995).

Even when a rule mentions a hearing, the Sixth Circuit does not require an actual oral hearing: "the mention of a 'hearing' simply requires an adequate chance to present evidence and arguments, and respond to those of one's opponent." Himes v. U.S., 645 F.3d 771, 784 (6th Cir. 2011) (citations omitted). When "the parties' briefs clearly set forth the relevant facts and arguments of a case such that a hearing would not add anything to the briefs, and where the court has sufficient evidence before it to make detailed factual findings," a court is not required to conduct a hearing. Ford Motor Co. v. Mustangs Unlimited, Inc., 420 Fed.App'x. 522, 526 (6th Cir. 2011) (unreported). In Himes, the Sixth Circuit upheld the district court's refusal to hold a hearing on discovery motions and a motion to dismiss, finding no abuse of the district court's discretion.

Upon review of the pleadings, the court finds that additional hearing would not materially advance the court's ability to decide this matter. First, the court has already conducted one hearing on the pending motion. Second, the parties have had ample opportunity to present their positions to the court. Plaintiffs filed the original motion, a reply to Defendants' response to that motion, and a supplement brief in support of the motion, as well as the present motion for a hearing. Plaintiffs have had ample opportunity to make their arguments to the court.

Finally, the court is not convinced that a hearing is substantively warranted. According to Plaintiffs, a hearing is needed because of the existence of a potential factual issue centered on Plaintiff David Schwab's knowledge of an August 19, 2009 letter from Attorney Krause, a partner with Hahn Loeser & Parks LLP, to Gail Webster, Executive Vice President of Huntington Bank. ("the Krause letter"). Defendants counter that it is immaterial whether Plaintiff David Schwab had possession of the letter, or when he gained actual knowledge, because the letter cannot be considered newly discovered evidence by Plaintiffs in support of their Rule 60(b) motion. Upon review of these matters, the court finds that the issue is primarily a legal question. The parties do not dispute the existence of the letter, or the fact that it was part of discovery in another case. While Plaintiffs argue actual knowledge is key, Defendants argue otherwise. The court must determine the applicable law. If Plaintiffs are correct, then a factual issue may exist and further argument may be necessary. But the court is not convinced of the benefit of additional hearing now on this narrow concern, especially since Defendants have also raised other arguments that may or may not be dispositive.

For these reasons, the court will deny the motion for further hearing on Plaintiffs' motion for relief from judgment by separate order to be entered immediately.

# # #

**Service List:**

Charles V. Longo
25550 Chagrin Blvd., Ste 320
Beachwood, OH 44122

Jon D. Parrish
Parrish Lawhon & Yarnell
3431 Pine Ridge Road
Suite 101
Naples, FL 34109

Jack B Cooper
Day Ketterer
200 Market Ave N
#300
Canton, OH 44701-4213